THE PEOPLE OF THE TERRITORY OF GUAM

v.

PETER MAFNAS QUITUGUA, Defendant

Civil No. 102F-79
Superior Court of Guam
November 13, 1979

- - - - -

- - - - -

RAKER, Judge

## DECISION AND ORDER

Defendant filed a motion to suppress a police confession made by the defendant and certain physical items of evidence obtained as a result of such confession. The defense also filed a motion to dismiss the indictment on the ground that the evidence presented to the grand jury was not sufficient to justify probable cause for the return of the indictment.

A hearing was held on November 8, 1979 at 2:00 p.m., the people being represented by Paul Pohlen, Assistant Attorney General and the defendant being represented by Nancy Nye, Esq.

MOTION TO SUPPRESS: Counsel for defendant contends that since no questions were asked the investigating officer concerning the absence of force or threats or promises of leniency or reward, the confession of the defendant must be suppressed.

It is true that the prosecutor did not establish by questions of the investigating officer that no force or threats were directed at the defendant and that no promises of leniency or reward were made to him. Unquestionably, this would be the better practice. However, there was read to the grand

jury the Miranda waiver (Exhibit 1) which states over the defendant's signature the following in pertinent part:

\* \* \*

"No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.
Signed Peter Quitugua"

No evidence was introduced by the defense that any force, violence, or threats were directed at the defendant or that any promises of leniency or reward were made to him. The Court holds that by a preponderance of the evidence the statement of defendant was voluntary. The testimony of the people's witness established beyond a reasonable doubt that the defendant was advised of his right to remain silent pursuant to the standards provided by the Supreme Court of the United States in Arizona v. Miranda and that defendant voluntarily waived such right to remain silent.

MOTION TO DISMISS: Counsel for defendant next contends that even though the confession be admissible, the prosecution failed to establish by sufficient evidence that the corpus delicti was established, i.e., that the crime of burglary was committed. Using the "reasonable cause" standard provided by Section 50.54(b) of the Code of Criminal Procedure, the Court finds that it was. Grand Jury Transcript pp. 6-10.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:
1. That the motion to suppress be, and it hereby is denied.
2. That the motion to dismiss the indictment be, and it hereby is denied.